UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODK CAPITAL, LLC, | Case No. 2:23-cv-00452-JDP |
| Plaintiff, | |
| v. | ORDER |
| NASIR CHOUDRY, | |
| Defendant. | |

Plaintiff ODK Capital filed a single breach of contract claim against defendant Nasir Choudry on January 23, 2023, in the Sacramento Superior Court of California for approximately $100,251. *See* ECF No. 1. Defendant removed based on diversity jurisdiction, 28 U.S.C. § 1332. *Id.* at 2. According to defendant's notice of removal, defendant "is an individual who is a citizen of the State of California, who resides in and does business within Sacramento County, State of California, at all times in question." *Id.* Defendant also claims that the amount in controversy exceeds $75,000. *Id.* Plaintiff filed a motion to remand, ECF No. 6, which was before the court for a hearing on May 18, 2023, ECF No. 16.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit construes the removal statute against removal, and the party seeking

1

1  removal bears the burden of establishing federal jurisdiction. *Geographic Expeditions, Inc. v.*
2  *Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
3  (9th Cir. 1992)). If removal was improper, "the district court lack[s] subject matter jurisdiction,
4  and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653
5  (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

6       A federal court may adjudicate only those cases authorized by the Constitution and by
7  Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal
8  jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity"
9  jurisdiction, respectively. Diversity jurisdiction exists in all civil actions where there is complete
10 diversity of citizenship of the parties and the amount in controversy exceeds $75,000.
11 28 U.S.C. § 1332. The notice of removal pleading must contain "a short and plain statement of
12 the grounds for removal," which includes the jurisdictional basis for removal. 28 U.S.C.
13 § 1446(a). To establish diversity jurisdiction, a removing party must adequately allege complete
14 diversity of citizenship between the parties: every plaintiff must be diverse from every defendant.
15 *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

16      The forum defendant rule provides that a civil action otherwise removable on the basis of
17 diversity jurisdiction "may not be removed if any of the parties in interest properly joined and
18 served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.
19 § 1441(b)(2); *see also Lincoln Prop. Co.*, 546 U.S. at 84 ("Defendants may remove an action on
20 the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and
21 all named defendants, and no defendant is a citizen of the forum State."); *Spencer v. U.S. Dist. Ct.*
22 *for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local
23 defendant at the time removal is sought bars removal"). Because the forum defendant rule is
24 procedural rather than jurisdictional, a plaintiff must file a motion to remand on this basis within
25 thirty days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of
26 any defect other than lack of subject matter jurisdiction must be made within 30 days after the
27 filing of the notice of removal under section 1446(a)."); *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d
28 933, 942 (9th Cir. 2006) (holding that the "forum defendant rule . . . is a procedural requirement,

and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)").

There is no dispute that the amount in controversy exceeds $75,000; the issue is whether diversity exists between all parties. At the time this action was removed to federal court, defendant was a citizen of California and thus a forum defendant. *See* ECF No. 1 at 2 ("Defendant Nasir Choudry is an individual who is a citizen of the State of California, who resides in and does business within Sacramento County, State of California, at all times in question.").[1] As a forum defendant, defendant cannot remove based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).

Defendant now argues that removal is proper under federal question jurisdiction. ECF No. 11 at 2. Defendant argues that federal question jurisdiction is clear from both the complaint and exhibits filed in state court. *Id.* He also states that "some of [the complaint's] allegations strongly suggest the possible application of federal law and regulations as they pertain to loans made across state lines." *Id.* Plaintiff emphatically disagrees, first arguing that defendant cannot change his basis for removal after the initial thirty-day removal window, and, second, that even if the court were to consider defendant's new grounds for removal, that argument fails because the complaint does not support federal question jurisdiction under the well-pleaded complaint rule. ECF No. 15. Plaintiff is correct on both counts.

Under 28 U.S.C. § 1446(b)(1), "if the case stated by the initial pleading is removable on its face," then the defendant must remove within thirty days of receiving the initial pleading. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692, 694 (9th Cir. 2005). Prior to the expiration of the thirty-day removal window under § 1446(b), "the defendant's notice of removal

---

[1] Defendant states in the notice of removal that "[r]emoval of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because none of the parties in interest properly joined and served as a defendant is a citizen of the State of California, the State in which this action was brought." ECF No. 1 at 2. During the hearing held on May 18, 2023, the court asked defense counsel to clarify if that was simply boiler language that was inadvertently left in the notice or if he had a basis to argue that defendant is not a citizen of California, despite his claim on the same page that defendant is a citizen of California. Defense counsel stated that the language was inadvertently included in the motion and that there was no basis to remove based on diversity.]

may be amended freely." *Smiley v. Citibank (South Dakota), N.A.*, 863 F. Supp 1156, 1158 (C.D. Cal. 1993). However, after the thirty-day window has expired, "[t]he majority of courts . . . allow defendants to amend 'defective allegations of jurisdiction' in their notice as long as the initial notice of removal was timely filed and sets forth the same legal grounds for removal." *Id.* (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969)); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). "However, when defendants attempt to assert totally new grounds for removal . . . courts uniformly deny leave to amend." *Geerlof v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02175-MCE-KJN, 2014 WL 1415974, at *4 (E.D. Cal. Apr. 14, 2014).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

As an initial matter, defendant cannot change course to argue that federal jurisdiction lies because of federal question jurisdiction.[2] *See Smiley*, 863 F. Supp. at 1162 ("[D]efendants are not entitled to plead diversity as the basis for removal in their initial removal notice and then switch

---

[2] Even if the court were to consider defendant's opposition as a request to amend his notice of removal—which the court does not—defendant would be outside the thirty-day window, since his opposition was filed on April 24, 2023, and the last day to remove was March 10, 2023.

their theory 180 degrees by pleading federal question jurisdiction as the applicable grounds for removal in their amended notice."). More fundamentally, defendant has not demonstrated that federal question jurisdiction is a proper basis for removal. Despite defendant's claim that there is some "possible application of federal law," the complaint reveals only one claim: a state law cause of action for breach of contract. *See Kalincheva v. Neubarth*, No. 1:14-CV-01262-LJO, 2014 WL 5106432, at *3 (E.D. Cal. Oct. 10, 2014) (concluding that the federal court lacked subject matter jurisdiction because plaintiff's "sole claim [was] for a breach of contract, which arises under state law").

Because plaintiff filed a timely motion to remand on this basis, *see* ECF No. 6, and neither diversity nor federal question jurisdiction exists, the court finds that remand is required.

Plaintiff has further requested the award the fees and costs incurred by his attorneys in connection with removal of this action pursuant to 28 U.S.C. § 1447(c), which permits a party to seek attorney's fees incurred as a result of removal. ECF No. 6. Defendant supplies a thin opposition to this request.[3] *See* ECF No. 11 at 5.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, it is a matter of the court's discretion whether or not to award attorney's fees pursuant to § 1447(c). *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "The objective reasonableness of removal is measured at the time of removal." *Cent. Valley Med. Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc.*, No. CIV. 1:19-00404-

---

[3] At the May 18th hearing, the court instructed plaintiff to file a supplement brief with billing records and accompanying declarations. The court also afforded defendant the opportunity to reply to plaintiff's supplemental filing. Defendant has done so but raises new arguments that were neither addressed in his opposition to defendant's motion to remand nor thoroughly argued at the hearing. ECF No. 20. While the court has reviewed defendant's response, the response does not change the court's determination that the award of attorney's fees is warranted.

1  LJO-SKO, 2019 WL 3337891, at *6 (E.D. Cal. July 25, 2019) (quoting *Pope v. Wells Fargo*
2  *Bank, N.A.*, No. CIV. 2:10-2807-WBS-KJM, 2010 WL 8388301, at *5 (E.D. Cal. Nov. 29, 2010).
3        At the time of removal, there was no objectively reasonable basis for defendant to seek
4  removal.  When defendant removed this case, he acknowledged his California citizenship as well
5  as the forum defendant rule.  *See* ECF No. 1 at 2.  Furthermore, defendant provides no reason to
6  think that the forum defendant rule would not apply to this case.  As there was plainly no
7  diversity when defendant removed, the court cannot say that there was an objectively reasonable
8  basis for defendant to seek removal.  *See Mendoza v. Yu*, No. 21-CV-08632-TSH, 2022 WL
9  17862, at *3 (N.D. Cal. Jan. 3, 2022) ("The Court can find no objectively reasonable basis for
10 [defendant] to seek removal here, as it was clearly barred by the forum defendant rule."); *Magill*
11 *v. Wick Towing, Inc.*, No. C16-0348-JLR, 2016 WL 3476449, at *3 (W.D. Wash. June 21, 2016)
12 (awarding attorneys' fees because "removal resulted from Defendants overlooking a bedrock
13 procedural requirement—the forum-defendant rule").
14       Plaintiff's attorney Joel Tasca billed 14.8 hours at an hourly rate of $544, and Madeline
15 Coles billed 8.6 hours at an hourly rate of $280 in connection with the notice of removal and
16 motion to remand, for a total of $10,459.20.[4]  ECF Nos. 17-1 at 2; 17-2 at 3-4.
17       Mr. Tasca is a litigation partner with twenty-five years of experience, who principally
18 works in federal court.  ECF No. 6 at 5.  The court finds that the hourly rate and hours billed for
19 Mr. Tasca are reasonable and consistent with the Eastern District's previous awards for similar
20 work.  *See Harp v. California Cemetery & Funeral Servs., LLC*, No. 1:21-CV-01118-JLT-BAK,
21 2022 WL 1658716, at *5 (E.D. Cal. May 25, 2022) ("The Court, in its discretion, finds the
22 billable rate of $695.00 and nine hours spent drafting the motion [to remand] reasonable and
23 grants an award of $6,255.00 in attorneys' fees."); *Seebach v. BMW of N. Am., LLC.*, No. 2:18-
24 CV-00109-KJM AC, 2020 WL 4923664, at *3 (E.D. Cal. Aug. 21, 2020) (awarding an attorney
25 with roughly thirty-five years of experience an hourly rate of $650 and an attorney with roughly

---

[4] At the May 18, 2023 hearing, the court instructed plaintiff to file billing records and declarations from counsel complying with L.R. 293 by the close of business on May 19, 2023.  Plaintiff has done so.  ECF No. 17.

20 years of experience a $505 rate).  The court also finds that the hourly rate requested by Ms. Coles is reasonable but will reduce her requested hours from 8.6 to 7.7 because her billing records reflect 7.7 hours of work.  Ms. Coles may have billed 8.6 hours of work, however, because of redactions in the billing records, the court can determine the reasonableness of the entries.

With the adjustment described above, the court will order payment to plaintiff of attorneys' fees associated with defendant's removal.

Accordingly, it is hereby ORDERED that:

1. This case is REMANDED to the Superior Court of the State of California in and for the County of Sacramento;

2. plaintiff is awarded attorney's fees and costs under 28 U.S.C. § 1447(c) in the amount of $10,207; and

3. the Clerk of Court is directed to send a certified copy of this order to Superior Court of California in and for the County of Sacramento and to close the case.

IT IS SO ORDERED.

Dated:   May 22, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE